**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Reynolds Coward,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-23-08016-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). Plaintiff earns $1,411.00 per month in retirement benefits. (*Id*.) Plaintiff's spouse earns $3,360.00 per month in income.[1] (*Id*.) They appear to share expenses, with Plaintiff paying for housing and Plaintiff's spouse paying for most other necessities. (*Id*.) Their combined total month expenses equal $2,469.50. (*Id*.) Their combine monthly income is $4,771.00. (*Id*.) Thus, they have $2,301.50 in disposable income per month after paying all expenses. (*Id*.)

The Ninth Circuit Court of Appeals has discussed when a district court should grant in forma pauperis status:

> Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [footnote omitted] *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of

---

[1] The Ninth Circuit Court of Appeals has held that whether spousal income may be considering in the ability to pay inquiry is a fact question based on a particular plaintiff's circumstances. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

…

As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status.

*Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015). The court of appeals noted in its analysis: "Once [Escobedo's] rent and debt payments were taken into account, she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee." *Id.* at 1235.

Here, unlike *Escobedo*, Plaintiff can pay the $402.00 filing fee out of disposable income without forgoing paying any expenses. Thus, the Court finds Plaintiff does not qualify for in forma pauperis status.

Therefore,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 2) is denied. If Plaintiff does not pay the filing fee within 14 days of this Order, the Clerk of the Court shall dismiss this case, without prejudice, and enter judgment accordingly.

Dated this 30th day of January, 2023.

James A. Teilborg
Senior United States District Judge