WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Reynolds Coward,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-23-08016-PCT-JAT<br><br>**ORDER** |

Pending before the Court is the parties' stipulation to an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 20).

"A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

Here, the totality of the parties' discussion regarding Plaintiff's entitlement to fees under the EAJA is: "[t]his stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA." (Doc. 20 at 2-3).

Previously, this Court remanded this case to the social security administration for further proceedings. (Doc. 18). Accordingly, the Court finds that Plaintiff is the prevailing

party.

Regarding prong two of the test for fees, the Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
>
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's failure to oppose fees, while simultaneously disclaiming that it owes fees under the EAJA, puts the Court in a difficult position. This case was remanded by stipulation of the parties (Docs. 17-18), and this Court has never evaluated either party's positions. Nonetheless, applying the test as articulated in *Russell*, the Court finds that the Government has failed to prove that its position was substantially justified or that special circumstances make an award unjust. 930 F.2d at 1445; *see also Michele M.*, 2020 WL 5203375, at *1.

Finally, the Court should award only reasonable fees. Here, the Court has not been provided with a billing statement. Thus, the Court does not know the rate charged or the hours expended. Nonetheless, the Court finds that the Government, by the stipulation, has conceded that the amount of fees sought in this case are reasonable.

The assignment in this case presents a greater problem. The only attorney who has ever appeared in this case is Elizabeth O. Ayodele, Esq., Pierre Pierre Law, P.C., P.O. Box 66785, Phoenix, AZ 85082. Ms. Ayodele is admitted to practice in Arizona and admitted to Federal Court in this district. However, with respect to the assignment of EAJA fees, the stipulation states, "Defendant recognizes Plaintiff's assignment of EAJA to Plaintiff's counsel, Eddy Pierre Pierre, Esq." (Doc. 20 at 2). The stipulation goes on to state, "… the payment of fees to be made directly to Eddy Pierre Pierre, Esq. and/or Pierre Pierre Law,

1    P.C., at 15 Park Pl., 2nd Fl, Bronxville, NY 10708, pursuant to the assignment executed by
2    Plaintiff." (*Id.*).

3    The Court has not been provided a copy of the assignment. Regardless, the Court
4    is not going to award fees to an attorney who has never appeared in this case, and who may
5    not be admitted to practice in Arizona. Conversely, the Court will not simply award fees
6    to Ms. Ayodele since no one has suggested Plaintiff assigned fees to Ms. Ayodele. (It
7    appears Ms. Ayodele works for the Pierre Pierre law firm; however, the addresses do not
8    match so the Court cannot be sure it is the same firm.). Accordingly, the Court will Order
9    the fees payable to the client, and the attorneys can work out payment with their client.

10   Based on the foregoing,

11   **IT IS ORDERED** granting the stipulation (Doc. 20) to the limited extent that fees
12   in the amount of $8,625.91 as authorized by 28 U.S.C. § 2412, and costs in the amount of
13   $0 as authorized by 28 U.S.C. § 1920, are awarded to Plaintiff.[1]

14   Dated this 4th day of March, 2024.

_____
James A. Teilborg
Senior United States District Judge

---

[1] The Government may send the check made payable to Plaintiff to whomever the Government deems appropriate.

- 3 -